**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| ZAHM & MATSON, INC. d/b/a Z&M AG AND TURF, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 14-155E |
| vs. | ) ) | Judge Nora Barry Fischer |
| KENNETH CHALLENER, M.D., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I.  Procedural History

On May 29, 2014, Plaintiff, Zahm & Matson, Inc. ("Z&M"), filed this action against Defendant, Kenneth Challener ("Challener"), seeking replevin of certain items of farm equipment (the "McLaren Equipment").  (Docket No. 1).  On July 31, 2014, Z&M filed its First Amended Complaint, adding two additional counts relating to Challener's lease of a combine and a planter.  (Docket No. 7).  Challener moved to dismiss the First Amended Complaint on August 13, 2014.  (Docket No. 8).  In response, Z&M filed a motion for leave to file a Second Amended Complaint, which, on October 1, 2014, the Hon. J. Frederick Motz granted.  (Text Order of October 1, 2014).  The Second Amended Complaint contained five counts, relevantly including, Count I, seeking replevin of certain farm equipment.  (Docket No. 13 at 6–8).  On October 14, 2014, Challener filed a Partial Motion to Dismiss the Second Amended Complaint, challenging only Count I.  (Docket No. 15).  Z&M responded on November 13, 2014.  (Docket No. 19).

On January 9, 2015, this case was reassigned to the undersigned. (Text Order of January 9, 2015). Although the Motion was ripe at that time, the Court held its ruling in abeyance, pending ongoing settlement discussions before the Hon. Mark Hornak. (Docket No. 25). Having been advised that Judge Hornak believes "that future settlement conference proceedings at this point would not be fruitful," (Text Order of March 17, 2015), the Court now considers the Motion.

## II. Background

Z&M is a business corporation organized under the laws of the State of New York. (Docket No. 13 at ¶1). Amongst its operations is "Z&M Ag and Turf," located in Edinboro, Pennsylvania. (*Id.* at ¶2). From that location, Z&M sells various types of farm equipment. (*See Id.* at ¶¶6-8).

From approximately January 2012 to July 2013, Challener, a medical doctor, acquired a number of different pieces of farm equipment from Z&M Ag and Turf. (Docket No. 13 at ¶7). At issue in the instant Motion are those pieces termed the "McLaren Equipment." (*Id.*). This equipment is so called because it was transferred from Z&M's possession to Challener's by Z&M's employee, Justin McLaren ("McLaren"). (*Id.* at ¶6). As set out in the Second Amended Complaint, the McLaren Equipment comprises:

(a) one Miller Tunnel Top and Extension (Model 42600607);
(b) one 2012 Combine Header Carrier (Model CHC2520, product identification number 1200558);
(c) one 2012 Combine Header Carrier (Model CHC2520, product identification number 1200559);
(d) one 3 B 16' W/ROF All Steel Forage Box (Model FBTA 16, product identification number 114889);
(e) one 3 B 16' W/ROF All Steel Forage Box (Model FBTA 16, product identification number 114870);
(f) one 12 Ton 6 Wheel (Model HS612, product identification number 115667);
(g) one 12 Ton 6 Wheel (Model HS612, product identification number 115651);

(h) one M700-06 Manure Scraper QTACH 6'-11" (Model M700-06, product identification number 25642);

(i) one JD8630 Tractor (Model 8630, product identification number RW8630H073539);

(j) one 2004 X595W/60' Deck (Model X595, product identification number M0X595X031398);

(k) one Knight 8114 Spreader (product identification number C0989);

(l) one John Deer Diesel XUV Gator (Model 855D, product identification number 041255);

(m) one Mandeko Twister Tillage Tool (product identification number UT-12-07-12-42); [and]

(n) one John Deere 630 Pickup Head (product identification number CC3MPUX049919

(*Id.* at ¶8).

McLaren allegedly "provided each of the above-listed pieces of equipment to Defendant at a steep discount, or in some cases, for free." (*Id.* at ¶9). Z&M seeks replevin on the basis that the transfers are not binding on it because McLaren exceeded his authority in making the transfers and Challener knew or reasonably should have known same. (*Id.* at 29).

### III. Legal Standard

Defendant contends that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Count I of Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted. (Docket No. 15). When considering a motion made under Rule 12(b)(6), the Court "accept[s] as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). To survive dismissal pursuant to Federal Rule of Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). While Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Generally speaking, a trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 559 (3d Cir. 2002) (citing *Kulwicki v. Dawson*, 969 F.2d 1545, 1462 (3d Cir. 1992)). Specifically, "the court may consider documents which are attached to or submitted with the complaint . . . ." (*Id.* (quoting 62 Fed. Proc., L.Ed. § 62:506 (emphasis omitted)).

Although Plaintiff is a New York entity, the law of the Commonwealth of Pennsylvania controls this action, as it is the forum with the greatest interest in the action. *See, e.g.*, *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 227 (3d Cir. 2007); *Cipolla v. Shaposka*, 267 A.2d 854, 856 (Pa. 1970). Accordingly, Pennsylvania common law controls.

"The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another." *Com. ex rel. Anderson v. Fidelity & Deposit Co. of Md.*, 811 A.2d 1040, 1042 (Pa. Super. Ct. 2002) (quoting *Valley Gypsum v. Pa. State Police*, 581 A.2d 707, 710 (Pa. Commw. Ct. 1990)). "To successfully assert a replevin action, 'the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question.'" *Mason v. Threshman*, 2012 WL 3696177, at *4 (M.D. Pa. Aug. 27, 2012) (quoting *Susquehanna Commercial Fin., Inc. v. French*, No. 10-7481, 2011 WL 1743503, at *4 (E.D. Pa. May 5, 2011) and (*Ford Motor Credit Co. v. Caiazzo*, 564 A.2d 931, 933 (Pa. Super. Ct. 1989)).

**IV. Discussion**

4

As to Count I, the Second Amended Complaint relevantly alleges the following:

> From approximately January 2012 through July 2013, McLaren fraudulently transferred possession to Defendant the items of farming equipment listed in Paragraph 8 [of the Second Amended Complaint]. These transactions and transfers of possession were fraudulent in that they were carried out by McLaren by falsifying documents, misrepresenting facts to Plaintiff, establishing unauthorized prices below market rates, granting unauthorized trade-in values above market rates, and purportedly "gifting" equipment to Defendant without reason and without authorization from Plaintiff.

(Docket No. 13 at ¶7).

It further alleges that Z&M "is unaware of the specifics of each individual transaction because the transactions were undertaken surreptitiously by McLaren and Defendant Challener." (*Id.* at ¶10).

It also avers that:

> McLaren's actions – including falsifying documents, misrepresenting facts to Plaintiff, establishing unauthorized prices below market rates, granting unauthorized trade-in values above market rates, and purportedly "gifting equipment to Defendant without reason and without authorization from Plaintiff – were undertaken outside the scope of authority and were such that a reasonable person, including Defendant, would have known that McLaren was not acting as agent for Plaintiff.

(*Id.* at ¶29).

Defendant argues that the assertions in Plaintiff's Second Amended Complaint merely show that he "purchased equipment from Z&M through its employee and agent, McLaren, based upon terms that Z&M now regards as imprudent or unfair." (Docket No. 16 at 4). He argues that, while Z&M may have a plausible action against McLaren, the allegations of Count I fail to state a claim against Challener. (*Id.* at 5). Challener further posits that, assuming Count I asserts a cognizable cause of action, Z&M's Second Amended Complaint fails to plead sufficient facts regarding the allegedly fraudulent transfers to satisfy FED.R.CIV.P. 9(b). (*Id.* at 6).

Z&M responds that Challener's argument "incorrectly assumes the validity of the transfers of the McLaren equipment," stating that its argument is "that Challener either knew or reasonably should have known that McLaren was not acting as an agent of Z&M at the time of the transfers." (Docket No. 19 at 3). Accordingly, per Z&M, because Challener was or reasonably should have been aware "that McLaren was acting outside the scope of his authority, the transfers are not binding against Z&M, which has an immediate right to possession of the McLaren Equipment." (*Id.*).

In Pennsylvania, "agency cannot be assumed by the mere fact that one does an act for another." *Bross v. Varner*, 48 A.2d 880, 881 (Pa. 1946) (citing *Reifsnyder v. Dougherty*, 152 A. 98 (Pa. 1930)). The existence of an agency is a question of fact. *Bolus v. United Penn Bank*, 525 A.2d 1215, 1221 (Pa. Super. 1987), *allocatur denied*, 541 A.2d 1138 (Pa. 1988). Z&M suggests that, if the allegations of the Second Amended Complaint are proven, a fact finder could conclude that Challener knew or reasonably should have known that McLaren was acting outside the scope of his agency by giving away equipment, selling it too cheaply, and providing trade-in credit beyond the actual value of the traded-in property. (Docket No. 19 at 6–7). If it can prove that, Z&M argues, then it would not be bound by the transfers, and would have an immediate right to possession of the McLaren Equipment. (*Id.* at 7).

Z&M identified the parties to the transfers, (Docket No. 13 at ¶¶6–7), identified the equipment at issue, (*Id.* at ¶8), alleged that said equipment was transferred for less than its value, and, in some cases, for free, (*Id.* at ¶¶ 7, 29), and contends that the nature of the transactions was such that Challener knew or reasonably should have known that McLaren was exceeding the scope of his authority, (*Id.* at ¶29). In the Court's estimation, these allegations are sufficient to allow this case to proceed through discovery; if proven, a fact-finder could determine that the

McLaren Equipment is wrongfully in Challener's possession and should be returned to Z&M immediately.

The Court is similarly unconvinced by Challener's argument that Count I of the Second Amended Complaint should be dismissed for failure to comply with FED.R.CIV.P. 9's heightened pleading requirement for fraud actions. While, the Court notes that, as pointed out by Z&M, Count I is not technically based on a fraud theory, (Docket No. 13 at ¶¶28–31), it does allege fraudulent transfers occurred, (*Id.* at ¶7). As such, to the extent fraud may need to be proven to establish an element of Plaintiff's case, the Court will analyze Challener's argument. Rule 9(b) requires "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED.R.CIV.P. 9(b). The Third Circuit has found a Complaint in conformity with Rule 9(b)'s requirements when it "alleged the acts involved and the people [Plaintiffs] believe committed them." *Petro-Tech, Inc. v. W. Co. of N. Am.*, 824 F.2d 1349, 1362 (3d Cir. 1987). In its Second Amended Complaint, Z&M specifically identified fourteen pieces of farm equipment, including serial numbers for many. (Docket No. 13 at ¶8). It alleges that McLaren transferred all of that equipment to Challener. (*Id.* at 7). Z&M also provides a timeframe that the transfers occurred. (*Id.*).

"The purpose of Rule 9(b) is to provide notice, not to test the factual allegations of the claim." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 n.2 (3d Cir. 2003) (citing *Gutman v. Howard Sav. Bank*, 748 F.Supp. 254, 257 (D.N.J. 1990). In short, the Second Amended Complaint alleges the "who, what, when, and where" of the transfers at issue. Given that Defendant was a party to each of the transfers at issue, which, again, are all detailed in the Second Amended Complaint, he has been provided more than sufficient notice of

the claim against him.  As such, the Court believes Z&M's Second Amended Complaint meets Rule 9(b)'s requirements.

**V.  Conclusion**

AND NOW, this 14th day of April, 2015, upon consideration of the pending Partial Motion to Dismiss, (Docket No. [15]), the Brief in support thereof, (Docket No. [16]), the Brief in Opposition, (Docket No. [19]), and for the foregoing reasons,

IT IS HEREBY ORDERED that the Partial Motion to Dismiss, (Docket No. [15]), is DENIED.

IT IS FURTHER ORDERED that Defendant shall file his Answer to the Second Amended Complaint by **April 28, 2015**.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf:     All counsel of record.